[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR MODIFICATION DATED OCTOBER 1, 2001 (#129)
The defendant seeks to modify the current child support claiming the CT Page 5235 expenses and circumstances of the parties minor child have changed substantially since the entry of the order. The parties appeared with counsel on April 16, 2002 and offered testimony and introduced documentary evidence. The court, having reviewed the evidence and the exhibits makes the following findings of fact.
The marriage of the parties was dissolved by the Court (Steinberg, J.) on January 11, 1993. They have one child issue of the marriage, to wit: Amber Marie Riccio, born April 6, 1988. The parties agreed and the court finds that Amber is a special needs child and has very serious physical, mental, emotional and behavior problems. She requires assistance in all of her daily activities. She requires the use of diapers day and night. She is subject to seizures. Although she attends school and will enter the ninth grade in the latter part of this year she requires special education needs. The defendant is the primary care giver and presently does not work outside of the home.
Both parents love their daughter and are making every effort to ensure her safety and well-being.
The defendant and Amber presently live with the defendant's parents. It is not a good situation. The defendant has received emergency approval for Section 8 Housing and is actively seeking an apartment for her and Amber. For a period of time following the dissolution of marriage the plaintiff took both mother and child to live with him at his expense. The mother has made every effort to seek whatever benefits she can for Amber and is currently pursuing Supplemental Social Security.
This is a clear case for deviation from the presumptive child support. The plaintiff is employed full time at Ben Sons Drywall and is paid $20 per hour. He has some opportunity for overtime.
He recently left Kaman where his hourly pay was less but he had a greater amount of overtime.
Counsel for both parties submitted child support guideline worksheets assuming varying economic scenarios. The court finds that the recommended child support before deviation is $140 per week. Because of the cost of the special needs of the child the mother should seek employment while Amber is in school.
The following orders shall enter:
1. The plaintiff shall pay to the defendant the sum of $140 per week current support for the minor child. CT Page 5236
2. The plaintiff shall provide medical insurance for the benefit of the minor child.
3. The plaintiff shall pay 100% of all reasonable and necessary medical expenses of the minor child not covered by insurance. The defendant shall submit to the plaintiff within 2 weeks of receipt all expenses for which she is seeking payment. Any outstanding medical expenses as of the date of this decision shall be paid within 30 days.
4. The plaintiff shall buy and pay for the total cost of diapers for the minor child. The current cost is estimated by the defendant to be $65 per week. Said diapers shall be provided one week in advance.
5. Counsel for the parties are directed to obtain a status conference with the court in approximately 4 weeks to review all matters.
BY THE COURT
Caruso, J.